IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN CAGLE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:14cv04-CSC |
| ) | (WO) |
| JILL RUBLEY, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion to dismiss (Doc. 29) filed by Defendants Jill Rubley, Dr. Paul Jungnickel, Jan Kavookjian, and Jessica Starr. Pursuant to 28 U.S.C. § 1331, the court has jurisdiction over the Plaintiff's claim pursuant to 42 U.S.C. § 1983 that the Defendants violated his constitutional rights. The court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. For the reasons stated in this memorandum opinion, the court concludes that the motion to dismiss is due to be granted and that the Plaintiff's claims are due to be dismissed with prejudice.

**I.      Standard of Review**

Although the court must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 556 U.S. at 570.

## II.    Facts and Procedural History

On January 2, 2014, Plaintiff Jonathan Cagle filed a complaint (Doc. 1) against Auburn University, Auburn University Harrison School of Pharmacy, Dean R. Lee Evans, Kristen Helms, Dr. Paul Jungnickel, Jan Kavookjian, David Riese, Jill Rubley, and Jessica Starr. Cagle alleged that the Defendants violated Cagle's constitutional rights, breached a contract, and committed various torts in conjunction with student disciplinary proceedings that led to Cagle's expulsion from the Auburn University Harrison School of Pharmacy. (Doc. 1).

The Defendants filed a motion to dismiss or, alternatively, for a more definite statement. (Doc. 13). On April 9, 2014, after being granted an extension of time to respond to the motion, Cagle filed his response. (Doc. 19; Doc. 20). On May 12, 2014, the court held oral argument on the motion to dismiss, and, during this proceeding, the court noted numerous significant pleading deficiencies in the original complaint. (*See* Doc. 27). On May

12, 1014, following oral argument, the court dismissed Cagle's claims against Auburn University and Auburn University Harrison School of Pharmacy on grounds of sovereign immunity. (Doc. 26 ¶ 2). The court also dismissed with prejudice Cagle's claims alleging a violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. (Doc. 26 ¶ 1). As to Cagle's remaining claims, the court granted the motion for more definite statement and ordered Cagle to file an amended complaint on or before May 26, 2014. (Doc. 26 p. 2).

On May 27, 2014, Cagle filed an amended complaint against Paul Jungnickel, Jan Kavookjian, Jill Rubley, and Jessica Starr, but not against any of the other original Defendants. (Doc. 28). In his amended complaint, Cagle asserts the following claims against the Defendants:

1. that, in violation of 42 U.S.C. § 1983, by causing various alleged irregularities in the student disciplinary proceedings against Cagle,[1] Defendants Jungnickel, Kavookjian, and Starr violated his constitutional right due process and his alleged constitutional property

---

[1] At the May 12, 2014 oral argument on the motion to dismiss the original complaint, the court informed Cagle and his attorneys of the requirements of *Twombly* and *Iqbal*, particularly the requirement that the plaintiff must state the facts giving rise to each cause of action. Nevertheless, the amended complaint falls so far short of the requirements of *Twombly* and *Iqbal* that the court can only guess what factual averments are supposed to be associated with which causes of action. Although the amended complaint was filed by an attorney, Cagle is now proceeding *pro se* and has not had the benefit of counsel in responding to the motion to dismiss. In fact, despite lenient extensions of time to allow him to do so, Cagle has not responded to the motion to dismiss at all. The court interprets the amended complaint leniently in light of Cagle's *pro se* status and the circumstances of this case. *See*. Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice."). However, although "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education," the leniency shown to *pro se* litigants "does not give [this] court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Iqbal*, 550 U.S. 662 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

        rights to a pharmacy degree (Doc. 28 ¶¶ 28-33);

2.      that, by causing Cagle's expulsion from the pharmacy school, Defendants Jungnickel, Kavookjian, Rubley, and Starr negligently breached a duty to do no harm to Cagle (Doc. 28 ¶¶ 34-36); and

3.      that Defendants Jungnickel, Kavookjian, Rubley and Starr intentionally interfered with Cagle's "valid business relationship or business expectancy" in obtaining a pharmacy degree from Auburn University by causing a "breach or termination of the relationship or expectancy." (Doc. 28 ¶¶ 37-39).

On June 10, 2014, Defendants Jungnickel, Kavookjian, Rubley, and Starr filed a motion to dismiss the amended complaint. After Cagle's attorneys withdrew from the case, Cagle was granted an extension of time to respond to the motion to allow him to obtain an attorney, although he was advised on several occasions that, regardless of whether he is able to retain counsel, the court will move this case forward even if he must proceed *pro se*. (Doc. 45; Doc. 48).

Cagle did not obtain an attorney, and he also did not respond to the motion to dismiss. (*See* Doc. 48 (August 26, 2014, Order directing that "on or before September 16, 2014, the Plaintiff shall show cause why the motion to dismiss (Doc. 29) should not be granted")).

## III.   Discussion

Cagle asserts three claims in his complaint: a claim pursuant to 42 U.S.C. § 1983 alleging a violation of constitutional rights under color of state law; a claim for negligence, and a claim for tortious interference with business relations.

The timeliness of a § 1983 action is governed by the personal injury statute of

5

limitations of the state in which the action arose, which, in Alabama, is two years from the time the cause of action accrues. Ala. Code 1975 § 6-2-38(l); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). Generally, a cause of action accrues under § 1983 when the plaintiff knows or has reason to know that he has been injured and who inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Alabama's two-year statute of limitations also applies to actions for negligence and tortious interference with business relations. Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("Under Alabama law, claims for negligence are subject to a two-year statute of limitations. . . . [U]nder Alabama law[,] . . . a negligence cause of action accrues when the plaintiff can first maintain the action, regardless of whether the full amount of damage is apparent at the time of the first injury." (citing *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala.1993)); *see Teng v. Saha*, 477 So.2d 378 (Ala. 1985) (holding that an action for tortious interference with business relations is an action for trespass on the case).

Cagle alleges that, following a student disciplinary hearing, he was expelled from pharmacy school on November 18, 2011. (Doc. 28 ¶ 20). Therefore, any unconstitutional or tortious actions that the Defendants took to interfere with or deprive him of his "right" to a pharmacy degree would have taken place on or before November 18, 2011. Further,

according to the allegations of the complaint, Cagle was aware of the injury when it occurred and he was also aware of the identity of the persons responsible for his expulsion.

Cagle filed his complaint in this case on January 2, 2014, more than two years after November 18, 2011.  (Doc. 1).  Accordingly, Cagle's claims are barred by the applicable statutes of limitations and must be dismissed with prejudice.  *See Henry L. Clothier, Jr. v. Counseling, Inc.*, 875 So.2d 1198, 1200 (Ala. Civ. App. 2003) (holding that a dismissal on statute-of-limitations grounds is a judgment on the merits (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)).

**IV.    Conclusion**

Accordingly, and for the reasons stated, it is

**ORDERED** and **ADJUDGED** as follows:

1.    that the Defendants' motion to dismiss (Doc. 29) be and is hereby **GRANTED**;

2.    that the Plaintiff's claims be and are hereby **DISMISSED with prejudice**;

3.    that all pending deadlines are terminated and all pending motions are hereby **DENIED** as moot; and

4.    that the costs of this proceeding be and are hereby taxed against the Plaintiff.

A separate judgment will issue.

Done this 20th day of October, 2014.

                                            /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE